# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                              Respondent,<br><br>        v.<br><br>BRANDON RISHAWN CREWS,<br><br>                              Appellant. | No.  60063-3-II<br><br><br><br><br>UNPUBLISHED OPINION |

LEE, J. — Brandon R. Crews appeals his convictions and sentence for three counts of first degree assault, each with firearm sentencing enhancements, and one count of first degree unlawful possession of a firearm.  Crews argues that: (1) the trial court erred by granting his motion for self-representation, (2) the trial court violated Crews' right to present a defense, (3) the State committed prosecutorial misconduct, and (4) reversal is warranted due to cumulative error.

We hold that the trial court abused its discretion in granting Crews' motion for self-representation because his waiver of counsel was not knowing and intelligent.[1]  Accordingly, we reverse and remand for a new trial.

## FACTS

### A.        BACKGROUND

On October 23, 2020, Crews visited a bar in Tacoma, Washington.  That night, the bar held a "promoted night" hosted by Brian Gatewood, who managed entertainment and collected cover

---

[1]  Because we reverse based on a waiver of counsel that was not knowing and intelligent, we do not address Crews' other arguments raised on appeal.

fees. 4 Verbatim Rep. of Proc. (VRP) (July 10, 2024) at 533. Crews and Gatewood interacted briefly near the entrance of the bar, Gatewood punched Crews, and Crews fell to the floor. When Crews began to stand, he grabbed a napkin from the floor instead of his cell phone. Before and after Crews exited the bar, he motioned toward Gatewood, and Gatewood followed alongside a group of people.

Crews first walked away while facing Gatewood, and he eventually turned his back and continued to walk down the breezeway. Crews then suddenly turned around and fired several shots in the direction of Gatewood and the crowd. Two individuals in the crowd, Michael Scott and Donald Roten, were shot in the leg.

The State charged Crews with three counts of first degree assault, all with firearm sentencing enhancements, and one count of unlawful possession of a firearm.

B. MOTION FOR SELF-REPRESENTATION

On February 22, 2024, which was the day Crews' trial was set to begin, Crews moved for self-representation. Crews stated that he would rather represent himself than have counsel represent him. The trial court cautioned Crews:

> If you waive your right to proceed with an attorney, that's it. That's done. You no longer have any right to any attorney, and, in all likelihood, the direct result of that is I say, "Okay. You're here for trial today. You're representing yourself. I'm going to find you a judge to start your trial today."

2 VRP (Feb. 22, 2024) at 13.

The trial court read the charges Crews faced and asked the State for the standard range sentence for Crews' charges. The State explained that the overall standard range if convicted as charged was 426 to 564 months, plus 180 months based on the firearm sentencing enhancements,

No. 60063-3-II

followed by 36 months of community custody. The State also informed the trial court that it "put

defense on notice for . . . at least a couple months that the State would be filing aggravating factors

-- an aggravating factor to each count of Assault 1 regarding foreseeable impact to other victims.

So, on that basis, he could be facing an exceptional upward sentence." 2 VRP (Feb. 22, 2024) at

15.

Based on this information, the trial court informed Crews:

[Y]ou are looking at a sentence of -- 480 months would be 40 years, so you are
looking at a sentence of basically up to 60 years before we even get to the possibility
of an exceptional sentence.[2]
    And if that 60-year sentence is imposed, the amount of time you get off for
good behavior is extremely limited. And in fact, for 15 years of that time, there is
no good time, none.
    Is it still your desire to represent yourself?

2 VRP (Feb. 22, 2024) at 15. Crews responded that he would like different counsel assigned. The

trial court and Crews engaged in further colloquy regarding Crews' right to an attorney:

[CREWS]: [S]o you are saying if I go pro se, then I cannot hire an attorney?
    THE COURT: I'm saying you no longer have the right to an attorney.
    [CREWS]: To a court-appointed or a paid attorney?
    THE COURT: You no longer have the right to an attorney, period.
    [CREWS]: Okay. So the alternative is, can I please have [defense counsel]
removed off my case?

2 VRP (Feb. 22, 2024) at 15-16. Crews then clarified that he did not want to represent himself

and that he was requesting a different attorney. The trial court denied Crews' motion but granted

a trial continuance so defense counsel could retain an expert witness.

---

[2] Crews was 34 years old at the time of the hearing.

3

On March 11, 2024, Crews again moved for self-representation. Crews confirmed that he understood his defense counsel had been appointed at no expense. Crews also stated that he had studied the law in the law library and had not represented himself in a criminal case.

The trial court read Crews' charges. The trial court then asked the State about the sentence Crews faced, and the State provided sentencing ranges and stated that it "put the defendant on notice that [it] [was] planning to file an aggravator, so that could subject the defendant to an exceptional upward sentence."[3] 4 VRP (Mar. 11, 2024) at 39. Based on this information, the trial court engaged in a colloquy with Crews:

> THE COURT: So, Mr. Crews, do you understand that you're -- you're looking at a significant amount of time, 426 months to 564 months and 15 years on top of that for enhancement time. Do you understand that?
> [CREWS]: Yes.
> THE COURT: Do you understand that there's a possibility -- well, . . . some of these counts would have to run consecutively. The counts of assault in the first degree, for example, would be required to run consecutively.
> If your offender score is 9 plus, there's, additionally, the possibility that other sentences on other counts run consecutively; that is, you serve the sentence on Count 1, and then you begin to serve the sentence on Count 2 and so on and so forth. Do you understand that?
> [CREWS]: Yes. I'm -- I'm well aware.
> THE COURT: And there's, additionally, community custody on the assault one for how long, [State]?
> [THE STATE]: Your Honor, on assault one, the community custody duration is 36 months.
> THE COURT: Okay. Basically, something similar to parole or probation for 36 months on each count of assault in the first degree after you're released. Do you understand that?
> [CREWS]: Yes.
> THE COURT: Do you understand that if you represent yourself, you're on your own? No one can give you legal advice; no one can prompt you to make any

---

[3] On March 12, 2024, by amended information, the State charged the aggravating circumstances of destructive and foreseeable impact on persons other than the victim on all three first degree assault charges, as well as multiple current offenses, some unpunished on the unlawful possession of a firearm charge. However, the State moved to dismiss those allegations during trial.

objections or bring in certain evidence. No one can, kind of, guide you through how to get evidence admitted. Do you understand that?

[CREWS]: Yeah. So you said I -- I can further retain an attorney in the future?

THE COURT: If -- if you waive your right to an attorney, you've waived your right to an attorney. If you wind up attempting to retain an attorney, the Court may allow you to proceed with an attorney at that point, but you've waived it as a -- as a right. Do you understand that?

[CREWS]: Yes, I do.

THE COURT: Okay. But do you understand, also, no one -- no one can give you legal advice at that point; no one can help you?

[CREWS]: Okay.

4 VRP (Mar. 11, 2024) at 39-41. The trial court proceeded to engage in further colloquy with Crews that involved a discussion of the rules of evidence and criminal procedure, the right to be tried by jury, Crews' reasons for wanting to self-represent, and the voluntariness of Crews' waiver of counsel. The trial court then advised Crews that he would be better defended by an attorney, and Crews confirmed that it was still his desire to represent himself and waive his right to counsel. Ultimately, the trial court accepted Crews' waiver of counsel and granted his motion for self-representation.

C.    TRIAL

The case proceeded to a jury trial in July 2024. At the conclusion of trial, the jury found Crews guilty of three counts of first degree assault, each while armed with a firearm, and one count of first degree unlawful possession of a firearm.

Crews appeals.

ANALYSIS

Crews argues that the trial court erred by granting his request for self-representation because his waiver of counsel was not knowing, intelligent, and voluntary. Specifically, Crews

contends that the trial court's colloquy did not inform Crews of the extent of punishment he faced and that the trial court misled Crews about his right to obtain outside legal advice or hire a lawyer.[4] We agree.

A.    WAIVER OF COUNSEL - LEGAL PRINCIPLES

Article I, section 22 of the Washington Constitution and the Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to assistance of counsel. *State v. Howard*, 1 Wn. App. 2d 420, 424, 405 P.3d 1039 (2017). "The same constitutional provisions also provide a criminal defendant with a right to self-representation." *Id.* "The right of self-representation is 'so fundamental that it is afforded despite its potentially detrimental impact on both the defendant and the administration of justice.'" *Id.* (quoting *State v. Madsen*, 168 Wn.2d 496, 503, 229 P.3d 714 (2010)).

We review a trial court's decision to grant or deny a defendant's request for self-representation for abuse of discretion. *State v. Curry*, 191 Wn.2d 475, 483, 423 P.3d 179 (2018). An abuse of discretion occurs when a decision is manifestly unreasonable, rests on facts unsupported in the record, or was reached by applying the wrong legal standard. *Id.* at 483-84. "We give great deference to the trial court's discretion because the trial court is in a favorable position to the appellate courts in evaluating a request to proceed [as a self-represented litigant]." *State v. Burns*, 193 Wn.2d 190, 202, 438 P.3d 1183 (2019).

---

[4] Crews makes passing references in his opening and reply briefs to the equivocality of his request for self-representation. Without argument, we do not consider the issue. *See* RAP 10.3(a)(6); *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.").

A trial court must apply every reasonable presumption against a waiver of the right to counsel. *Curry*, 191 Wn.2d at 486. In deciding a request to self-represent, a trial court's colloquy with a defendant is the "'preferred means'" to ensure a defendant "'understand[s] the risks of self-representation.'" *Howard*, 1 Wn. App. 2d at 426 (quoting *City of Bellevue v. Acrey*, 103 Wn.2d 203, 211, 691 P.2d 957 (1984)). "The colloquy should generally include a discussion of the nature of the charges against the defendant, *the maximum penalty*, and the fact that the defendant will be subject to the technical and procedural rules of the court in the presentation of his case." *Burns*, 193 Wn.2d at 203 (emphasis added). "[T]he defendant's knowledge of the maximum penalty for the charged crime is a *minimum requirement* for finding a valid waiver." *Howard*, 1 Wn. App. 2d at 429 (emphasis in original).

B.      EXTENT OF PUNISHMENT

Crew contends that his waiver of counsel was not knowing or intelligent because the trial court did not ensure Crews understood the extent of punishment he faced. Specifically, Crews argues that "[t]he court never explained Mr. Crews' maximum punishment to him" and "did not inform Mr. Crews that he was facing the possibility of life in prison, despite the prosecution's stated intent to pursue an exceptional sentence." Br. of Appellant at 16-17.

In response, the State "acknowledges that the trial court did not use the verbiage that Crews faced a class A felony carrying the maximum possible penalty of life imprisonment and instead advised him of his potential sentences under the SRA"[5] but argues that "this advisement was

---

[5] Sentencing Reform Act of 1981 (SRA).

sufficient because Crews' range was so high that the practical application of his possible sentence was a life sentence." Br. of Resp't at 24 (emphasis omitted).

Both parties correctly note that the trial court failed to inform Crews of the maximum possible penalty he faced. Instead, the trial court informed Crews that "you're looking at a significant amount of time, 426 months to 564 months and 15 years on top of that for enhancement time. Do you understand that?" 4 VRP (Mar. 11, 2024) at 39. The trial court had previously informed Crews at the first hearing addressing Crews' request to self-represent that Crews was facing a 60-year sentence and "if that 60-year sentence is imposed, the amount of time you get off for good behavior is extremely limited. And in fact, for 15 years of that time, there is no good time, none." 2 VRP (Feb. 22, 2024) at 15.

The State contends that because Crews was 34 years old at the time of his motion for self-representation, the sentence was so long that it was effectively a life sentence. However, Crews could not have fully understood the risks of self-representation without knowledge that he was facing life in prison. While the trial court informed Crews of the possible significant sentence by informing him of the sentencing range he faced, Crews' awareness of the sentencing range is not the same as Crews being informed that he faced a possible sentence of life in prison, especially because Crews was aware that he could earn good time credit for a portion of his sentence.

The record simply does not show that Crews was otherwise made aware that he faced a maximum possible penalty of life in prison. Accordingly, because Crews was not aware of the maximum penalty he faced, his waiver of counsel was not knowing and intelligent. Therefore, the trial court abused its discretion in granting Crews' motion for self-representation.

Crews also argues that the trial court "misrepresented the nature of the charges by omitting the firearm enhancements" and by "treat[ing] them as automatic sentencing consequences." Br. of Appellant at 21. Crews contends that the trial court "never told Mr. Crews these were elements the prosecution had to prove and which he could defend against." Br. of Appellant at 21. But Crews does not provide any legal authority which imposes such an obligation upon a trial court.[6] Without legal authority that supports Crews' argument, Crews' argument fails. RAP 10.3(a)(6); *Litho Color, Inc. v. Pac. Emp'rs Ins. Co.*, 98 Wn. App. 286, 305, 991 P.2d 638 (1999) ("[I]t is implicit in the rule that the citations to legal authority contained in the argument in support of a party's position on appeal should relate to the issues presented for review and should support the proposition for which such authority is cited."). Moreover, as explained above, the trial court clearly informed Crews of the sentencing consequences for the firearm sentencing enhancements. Thus, the record shows that Crews was aware of the firearm sentencing enhancements and was informed of the sentencing consequences of the firearm sentencing enhancements.

---

[6] Crews argues: "The court also misrepresented the nature of the charges by omitting the firearm enhancements. These enhancements are additional elements that the prosecution must prove beyond a reasonable doubt. *State v. Recuenco*, 163 Wn.2d 428, 440, 180 P.3d 1276 (2008). But the court treated them as automatic sentencing consequences. It never told Mr. Crews these were elements the prosecution had to prove and which he could defend against. *State v. Williams-Walker*, 167 Wn.2d 889, 898, 225 P.3d 913 (2010)." Br. of Appellant at 21 (citations to record omitted). But Crews does not provide any legal authority imposing an obligation upon a trial court to outline the elements of a firearm sentencing enhancement during a colloquy for self-representation. Rather, *Recuenco* addresses the required jury determination for a firearm sentencing enhancement, and *Williams-Walker* stands for the proposition that sentencing enhancements must be submitted to a jury to find that the defendant committed the offense while armed. *Recuenco*, 163 Wn.2d at 440; *Williams-Walker*, 167 Wn.2d at 897-98.

C.    RIGHT TO PRIVATE COUNSEL

Crews further argues that the trial court "misled Mr. Crews about his right to obtain his own lawyer." Br. of Appellant at 22. Specifically, Crews contends that the trial court "misrepresented Mr. Crews' right to hire a lawyer of his own choosing, despite Mr. Crews' desire to retain one." Br. of Appellant at 25.

The Sixth Amendment provides the right to assistance of counsel, as well as the right to counsel of choice for defendants with private attorneys. *State v. Hampton*, 184 Wn.2d 656, 662, 361 P.3d 734 (2015), *cert. denied*, 578 U.S. 948 (2016); *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006). The right to counsel of choice for private attorneys may be limited by the trial court after "'weigh[ing] the defendant's right to choose his counsel against the public's interest in the prompt and efficient administration of justice.'" *Hampton*, 184 Wn.2d at 663 (alteration in original) (quoting *State v. Aguirre*, 168 Wn.2d 350, 365, 229 P.3d 669 (2010).

Here, the trial court informed Crews that by proceeding as a self-represented litigant, Crews waives his right to private counsel:

> If you waive your right to proceed with an attorney, that's it. That's done. You no longer have any right to any attorney, and, in all likelihood, the direct result of that is I say, "Okay. You're here for trial today. You're representing yourself. I'm going to find you a judge to start your trial today."

2 VRP (Feb. 22, 2024) at 13.

> [CREWS]: [S]o you are saying if I go pro se, then I cannot hire an attorney?
>        THE COURT: I'm saying you no longer have the right to an attorney.
>        [CREWS]: To a court-appointed or a paid attorney?
>        THE COURT: You no longer have the right to an attorney, period.

2 VRP (Feb. 22, 2024) at 15-16.

No. 60063-3-II

[CREWS]: So you said I -- I can further retain an attorney in the future?
THE COURT: If -- if you waive your right to an attorney, you've waived your right to an attorney. If you wind up attempting to retain an attorney, the Court may allow you to proceed with an attorney at that point, but you've waived it as a -- as a right.

4 VRP (Mar. 11, 2024) at 40-41.

The trial court erred in informing Crews that by proceeding as a self-represented litigant, Crews waives his right to private counsel. While the trial court may limit a defendant's right to counsel of choice for private attorneys after weighing the defendant's right to choose his counsel against the public's interest in the prompt and efficient administration of justice, a defendant retains the right to private counsel. Thus, the trial court erred in advising Crews that by proceeding as a self-represented litigant, he waives his right to private counsel.

CONCLUSION

Because Crews' waiver of counsel was not knowing or intelligent, the trial court abused its discretion in granting his motion for self-representation. Accordingly, we reverse and remand for a new trial.

No. 60063-3-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, P.J.

Cruser, J.

12